IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RENEE STEPHENS,** | Case No.: 3:11-cv-01013-HU |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| **STATE OF OREGON**, by an through its Judicial Department; Judge **DONALD R. LETOURNEAU**, in his individual capacity; Judge **RICK T. HASELTON**, in his individual capacity; Judge **REX ARMSTRONG**, in his individual capacity; Judge **REBECCA DUNCAN**, in her individual capacity; Chief Justice **PAUL J. DE MUNIZ**, in his individual capacity, and Judge **MARCO A. HERNANDEZ**, in his individual capacity, | |
| Defendants. | |

RENEE STEPHENS
7135 SW 54th Avenue
Portland, OR 97219
(503) 977-7935
*Pro se*

**SIMON, District Judge**,

On September 23, 2011, Magistrate Judge Dennis J. Hubel issued findings and recommendations ("F&R") (#8) in the above captioned case and referred them to this court. (#9).

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Plaintiff filed timely objections. (#11) ("Pl.'s Obj."). Accordingly, the court has reviewed Judge Hubel's F&R *de novo* and, agreeing with Judge Hubel's recommendation, orders that Plaintiff's complaint is dismissed with prejudice.

## DISCUSSION

### A.    Background

Plaintiff filed a complaint with the District Court on August 19, 2011, and an amended complaint ("Pl's Amended Compl.") on August 22, 2011. (#2, 4). In his amended complaint, Plaintiff alleges that Defendants, the State of Oregon and six current and former state court judges, violated 42 U.S.C. § 1983 when they ruled against him in an action he brought in Oregon state court. Pl's Amended Compl. 3-5. In particular, he alleges that Defendant Judge LeTourneau "erroneously, with extreme bias towards the plaintiff, granted" a motion for summary judgment against him, and that the other Defendants "erroneously" affirmed that decision. Pl's Amended Compl. 3. He seeks both damages and equitable relief. Pl's Amended Compl. 5. Plaintiff also moved for an order permitting him to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1). (#1). Defendants have not appeared.

Judge Hubel granted Plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), if the court approves *in forma pauperis* status, the court "shall dismiss the case at any time if the court determines" that it is frivolous or malicious, fails to state a claim

OPINION AND ORDER – Page 2

on which relief may be granted, or seeks monetary relief from a defendant who is immune. To properly state a claim, a complaint must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009). The court may dismiss a plaintiff's complaint that fails to meet the requirements of 28 U.S.C. § 1915(e)(2)(B) before service of process on defendants. *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984).

Judge Hubel recommended that Plaintiff's complaint be dismissed with prejudice. The court agrees. Plaintiff's complaint fails to state a claim on which relief may be granted because Defendants are immune from suit under the Eleventh Amendment, common law principles of judicial immunity, and 42 U.S.C. § 1983.

**B.     Claims Against Defendant State of Oregon**

The first named Defendant is the State of Oregon. The Eleventh Amendment to the United States Constitution, however, bars suits against states: In "the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (section 1983 does not abrogate states' Eleventh Amendment sovereign immunity). The court presumes that the state has not consented to waive immunity. *College Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999). Accordingly, Plaintiff's claims against the state of Oregon are barred by the Eleventh Amendment.

C.  **Claims Against Defendant Judges**

The remaining named individual Defendants are six current and former Oregon state court judges. Generally, judges are immune from claims for damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity "applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)). It may be overcome in only two sets of circumstances: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (internal citations omitted).

Plaintiff argues that Defendants' decisions were made in the complete absence of jurisdiction: "The Court in this case was acting outside of its jurisdiction when" it ruled against him on summary judgment, instead of permitting his claims to go a jury. Pl.'s Obj. 4. This court disagrees. A court's jurisdiction is its "power to decide a case or issue a decree[.]" BLACK'S LAW DICTIONARY 927 (Bryan Garner et al. eds., 9th ed. 1990). Under Oregon law, issuing a final ruling on a motion for summary judgment is unambiguously within the power of the state court. *See* Or. R. Civ. P. 47. Moreover, even if the state court ruled incorrectly, that does not remove the court's jurisdiction: "the jurisdiction of a court to decide a case does not disappear if its decision on the merits is wrong." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949). The individual judicial Defendants acted within their jurisdiction and are, accordingly, immune from damages.

Plaintiff claims nonetheless that even absent damages, it "is clear that this Court has the authority under § 1983, to grant injunctive relief against defendants." Pl.'s Obj. 2. For this

proposition he cites *Pulliam v. Allen*, 466 U.S. 522 (1984). In 1996, however, Congress passed the Federal Courts Improvement Act. Pub. L. No. 104-317, 110 Stat. 3847. That Act amended § 1983 to supersede *Pulliam* and prohibit injunctive relief against judges. *See MacPherson v. Town of Southampton*, 664 F.Supp.2d 203, 211(E.D.N.Y. 2009) ("Congress . . . effectively reversed [*Pulliam*] with regard to injunctive relief with the enactment of the Federal Courts Improvement Act of 1996."). Section 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The six individual Defendant judges are thus immune from both legal and equitable relief.

**D.    Dismissal**

Defendant the State of Oregon and the six individual judicial Defendants are immune from suit. Accordingly, Plaintiff's complaint is without legal basis and no relief may be granted. *See Sun v. Forrester*, 939 F.2d 924, 925-26 (11th Cir. 1991) ("A judge is absolutely immune from suit in performing his judicial responsibilities. Therefore, [Plaintiff's] action against [a judge] is completely without a legal basis, and the district court properly dismissed this case prior to service of process." (internal citation omitted)).

"Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted). Amendment cannot cure the legal hurdles standing in the way of Plaintiff's complaint: even accepting as true all of the facts that Plaintiff has pled, the named Defendants are immune.

Accordingly, his complaint is dismissed with prejudice. *See Id.* at 1204 (affirming district court order dismissing Plaintiff's complaint against judge with prejudice).

## CONCLUSION

Plaintiff's complaint is **DISMISSED** prejudice.

IT IS SO ORDERED.

Dated this 18th day of October, 2011

_____
Michael H. Simon
United States District Judge